EDWARDS, Judge.
Nancy A. McGuire was charged by bill of information with driving while intoxicated, third offense, in violation of LSA-R.S. 14:98. Defendant pleaded not guilty but was convicted by a jury. She was sentenced to one year at hard labor, six months of which were to be served without benefit of parole, probation or suspension.
The record shows that on the night of Christmas Eve, 1984, Officer Barry Hebert of the Louisiana State Police was dispatched to an accident scene in Gray, Louisiana. He found a station wagon which had been struck in the right rear by defendant’s pickup truck. Officer Hebert gave Miss McGuire a field sobriety test, which she failed. He read her the standard Miranda rights and placed her under arrest. Defendant was then taken to the police station where her blood was tested for alcoholic content. After the test indicated a .208 percent alcohol concentration, McGuire was booked with DWI. At trial, the test results were part of the State’s case.
Defendant brings this appeal, urging that the trial court was in error when it admitted into evidence the results of the photoelectric intoximeter (PEI) test. Specifically, she asserts that the test was in violation of LSA-R.S. 32:661 C, which reads as follows:
When a law enforcement officer requests that a person submit to a chemical test as provided for above, he shall first inform the person of the consequences of a refusal and the consequences if the test is conducted and the results indicate a blood alcohol concentration of .10 percent or above by weight of alcohol in the blood. In addition, the law enforcement officer shall have the person sign a standard form advising such person of his constitutional rights. The law enforcement officer shall have the person sign a separate form advising such person of the consequences of his refusal to submit to a chemical test. However, a single combination of the two forms may be used. (Emphasis added)
This must be read in light of LSA-R.S. 14:98, which provides that DWI occurs *741 where “(2) The operator’s blood alcohol concentration is .10 percent or more by weight ...,” thus establishing a conclusive presumption of intoxication if the test result is .10 percent or more.
The record shows that Officer Hebert did inform Miss McGuire of the consequences of refusing to take the test, but he said nothing about the consequences of taking the test and registering a .10 percent level or higher. Defendant urges that she was entitled to know that the test could establish intoxication as an irrebuttable presumption.
In State v. Downer, 460 So.2d 1184 (La. App. 2nd Cir.1984), the court said at p. 1187:
The logic of applicant’s argument is clear. The legislature in R.S. 32:661 C(l) has mandated that the officer inform the accused of the consequences if the test is conducted and the results show a blood alcohol concentration of .10 percent or above by weight of blood. R.S. 14:98 A(2) establishes an irrebuttable presumption of intoxication if the blood alcohol level is .10 percent or more. Thus, if an accused submits to a chemical test which is properly administered in accordance with law, and if the test results show a blood alcohol content of .10 percent or more, then the test results are admissible in evidence at a criminal trial and will conclusively prove the element of intoxication. This irrebuttable presumption of intoxication, therefore, is the most significant consequence of which an accused must be informed. Officer Griffin, by his own admission, did not orally inform applicant of this consequence; nor did the standard form describe this consequence. The clear language of the legislature, therefore, makes the results of the chemical test, or any reference to the chemical test, inadmissible against the applicant in this criminal action. R.S. 32:661 C(2).
Although Paragraph C was later rewritten and consolidated, the substance is exactly the same and most of the phrasing has been kept as it was when the Downer case was decided.
In view of this, it is plain that the PEI test administered to Nancy McGuire produced results which are inadmissible under current law. Accordingly, we reverse her conviction and remand the case for further action not inconsistent with this opinion.
REVERSED AND REMANDED.
LANIER, J., dissents and assigns reasons.